IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHAUN SUTTON,<br><br>*Petitioner,*<br><br>v.<br><br>WARDEN, FDC PHILADELPHIA, *et al.*,<br><br>*Respondents.* | CIVIL ACTION<br>NO. 18-03352 |

**PAPPERT, J.**  May 10, 2019

## MEMORANDUM

Tashaun Sutton filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on August 6, 2018. Magistrate Judge Timothy Rice issued a Report and Recommendation recommending that the petition be denied as untimely and procedurally defaulted. Sutton filed objections to the R&R on April 1, 2019. After thoroughly reviewing the record, Magistrate Judge Rice's R&R and Sutton's objections, the Court overrules those objections and adopts the R&R.

I

On December 28, 2008, Sutton was charged with aggravated assault and various firearm offenses in the Court of Common Pleas of Philadelphia County. *Com. v. Sutton*, CP-51-CR-0003090-2009, Crim. Compl.; 5/9/2019 Crim. Dkt. at 3. After the court granted several continuances, Sutton's trial was scheduled for July 7, 2011. 5/9/2019 Crim. Dkt. at 6–10; 6/30/2011 Notice of Trial. While Sutton appeared in court on July 7, he left without notifying counsel. 5/9/2019 Crim. Dkt. at 10. The court issued a warrant for his arrest and the trial was rescheduled for the next day. *Id*. Sutton did

1

not appear in Court on July 8 and his trial was pushed back until July 11. *Id*. at 11. When Sutton again did not show up on July 11, the court determined that Sutton would be tried by a jury *in absentia*. *Id*.

The trial began on July 13. The jury found Sutton not guilty of aggravated assault and possession of a firearm with intent to use it for a crime, but guilty of three other firearm offenses: unlawful possession of a firearm, carrying an unlicensed firearm, and carrying a firearm in public. *Id*. at 4–5. On September 30, after delaying the sentencing several times, the court sentenced Sutton *in absentia* to an aggregate sentence of eight to seventeen years of incarceration. *Id*. at 12–13.

Sutton did not appeal his conviction or sentence, file any motions or petition for post-conviction collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et. seq*. He filed the writ of *habeas corpus* on August 6, 2018.

II

The Court reviews *de novo* those portions of the R&R to which Sutton has objected. *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In his objections to Magistrate Judge Rice's R&R, Sutton repeats, mostly verbatim, many of the same arguments outlined in his *habeas* petition and reply brief in support of his petition. The Court interprets Sutton to make two objections to

Magistrate Judge Rice's R&R: first, that his petition was timely filed, and second, that he is entitled to the miscarriage of justice exception.[1]

A

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on applications for writs of *habeas corpus*. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

To determine when a judgment becomes final, federal courts look to state law. In Pennsylvania, an appeal may be filed within thirty days from the date of the entry of the order to be appealed. *See* Pa. R.A.P. 903(a). If an appeal is not filed, the judgment is considered final when the thirty days expires. *See* 42 Pa. Cons. Stat. Ann. § 9545; *see also Gonzalez v. Thaler*, 565 U.S. 134, 151 (2012).

Sutton's conviction became final on October 30, 2011, when the time for filing a direct appeal expired. The limitations period expired one year later on October 30,

---

[1] Magistrate Judge Rice also found that Sutton's petition was procedurally defaulted. Sutton does not object to this finding, instead arguing that he is actually innocent and therefore not subject to either the procedural default or statute of limitation bars.

3

2012. Sutton did not file his *habeas* petition until August 6, 2018, almost six years after the expiration of the statute of limitations.

Sutton argues that his *habeas* petition was timely filed because the judgment of conviction never became final. (Obj. 6, ECF No. 14.) He claims that the trial *in absentia* "violated [his] rights under the Sixth Amendment, to wit, the right to be confronted with the witnesses against him, and the Fourteenth Amendment right to a fair trial." (*Id*.) Therefore, he contends that his *habeas* petition is not subject to AEDPA's statute of limitations. (*Id*. at 5–8.)

However, under Pennsylvania law a defendant may, by his actions, waive the right to be present at every stage of a criminal trial. *Com. v. Wilson*, 551 Pa. 593, 598 (1998) (citing *Com. v. Ford*, 539 Pa. 85, 100-01, 650 A.2d 433, 440 (1994), *Com. v. Sullens*, 533 Pa. 99, 619 A.2d 1349 (1992)). "[W]hen a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried *in absentia*." *Camello v. Johnson*, No. 12-00280, 2013 WL 1124396, at \*5 (E.D. Pa. Feb. 20, 2013) (citing *Sullens*, 619 A.2d at 1352). Moreover, when "the defendant leaves the trial abruptly, without an explanation to either his lawyer or the court, this may be regarded as an absence without cause." *Wilson*, 551 Pa. at 600.

Sutton waived the right to be present at his trial and sentencing. Sutton signed a Notice of Trial directing him to appear to court on July 7 and appeared in court before leaving without notifying his attorney. *See* 6/30/2011 Notice of Trial; 5/9/2019 Crim. Dkt. at 11. "[T]he irony is not lost on this court that Petitioner claims it was the Commonwealth's *in absentia* proceedings that impeded his ability to comply with AEDPA's deadline, when those proceedings took place only because Petitioner willfully

4

absconded[.]" *Simpson v. Corbett*, No. 10-5526, 2012 WL 1671217, at *1 (E.D. Pa. May 14, 2012). As Sutton's conviction and sentencing *in absentia* were both lawful, Sutton's conviction became final on October 30, 2011 and his *habeas* petition is untimely.

B

Sutton next argues that he is entitled to the miscarriage of justice exception to AEDPA's procedural default and statute of limitations requirements. This exception "is grounded in the 'equitable discretion' of *habeas* courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). The exception may overcome procedural default rules such as the timing requirements of 28 U.S.C. § 2244(d)(1). *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.").

However, "[t]he fundamental miscarriage of justice exception is narrow." *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017). The Supreme Court has applied it to a limited category: "a petitioner must 'persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S.Ct. at 1928 (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Put differently, the exception is only available when a petitioner presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316).

5

Sutton offers no new evidence of actual innocence, let alone evidence strong enough to show that no reasonable juror would have convicted him. Sutton instead makes legal arguments, namely that he had the right to defend himself with a firearm when intruders allegedly entered his home. The miscarriage of justice exception does not apply here.

III

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability will not issue here because reasonable jurists would not debate this Court's procedural rulings and Sutton has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

IV

For the reasons above, the Court adopts the R&R in its entirety, overrules Sutton's objections and denies and dismisses Sutton's petition.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.